06-3309. Mr. Goodstein, when you are ready. We certainly wouldn't want to hear from a non-lubricated voice. Your Honor, at this stage I don't think I could talk, so you wouldn't hear anything from me if my voice wasn't lubricated. May it please the Court, my name is Robert Goodstein and I represent the petitioner Camille Diaz. Your Honor, Camille Diaz was terminated. You've read the record. You've seen what documents are there. Well, actually, I have a question about that. What, if any, documentary evidence did she put on before the removal? She attempted to give in the notes. It was late, but she attempted to give in the notes about her parents' medical condition, and that's in the decision of the Administrative Law Judge, and we cited to the decision of the Administrative Law Judge, where specifically the judge realized that they gave it. Let me ask you about that. So notes of a parent's medical condition, but not about her own medical condition. And that's the issue upon which you prevailed with the, you didn't prevail before the AJ with respect to the parent's condition, you only prevailed with respect to her condition. No, I think it was the other way around. She put in notes for both, and there was one that we prevailed in front of the Administrative Law Judge. And I think it was the parent's condition. I may be wrong. I'm sorry if I'm wrong. But there was both notes about herself and notes about her parents, both put in at meetings. Well, looking back at the record, December 2nd you get a notification you can have medical leave if you give us evidence. Then again, December 30th, the department says, oh, by the way, we need the evidence. Why doesn't she come up with it? Because her union… Does she have a cause of action against her union representative, who obviously gave the wrong answer? If your honors don't reverse it, she very well may, your honor. Her union told her not to. That could be wrong. There was a prior case from the Merit System Protection Board that they didn't cite, but there is a case called ELSO. I cite it in my brief on page 7, which was a family medical leave act case where the Merit System Protection Board expressly said that you can put in this information later, that what was, even at the hearing, that the most important issue was what was the actual condition at the time, if you qualified at the time, even if it came in later. I don't know if the union rep knew about that case and was relying upon it. I have no knowledge of that. But why wouldn't you have just supplied the information? She obviously apparently had doctors involved. Just get a note from the doctor. Because, your honor, I didn't represent her at the time. I understand. I believe what was happening was, for lack of a better word, a small disagreement between the union and management, and she was caught in the middle. But, you know, we're dealing with a statute. I agree. And, your honor, I'd like to make three points about the statute. First of all, there clearly is a section of the federal regs. It's 5 CFR section 630.10207, subdivision H. Is that in your brief? Yes, it is, on page 9. Okay. I'm looking. Oh, I'm looking at H. But that just gives you 30 days more. No. That's the one that says if, if the leave is commenced, the employee fails to provide the requested medical certification, the agency has a choice. It can either charge the employee as absent without leave, which is what they did, or allow the employee to request the provision or leave be changed as leave without pay or change to the employee's annual or sick account as appropriate. They never said why they're choosing one. They never gave her an option to say, okay, tell us why we should just not change this to leave without pay, because she had been, at this point, giving in notes to people trying to say, see, I did qualify. But the agency did make a choice under I. But I believe that the agency is required to give a reason why they chose one rather than the other. They're required to give her at least the opportunity to submit information as to why they should choose one rather than the other. They didn't tell anybody why. Where is that written? It's not written, Your Honor, but I think that if the agency has a choice that due process and fairness requires that they at least state why they chose one option rather than the other. If she wasn't even supplying the simple doctor's note, why would they expect her to respond to the remedies? But by that time, they did, Your Honor. She did supply the doctor's notes, and that's what the ALJ found below, that by March, she had met that she met in December 2003. She was supplying the notes specifically to Jesse Bell, the chief of human resources. So she was late. I'm not saying she wasn't late, but they asked for it, as I understand it, at the beginning of December, and she was supplying it by the end of December. You're right. She should have probably not listened to the union and put it in right away. She should have complied within the period, and I argue that the period was too short. But maybe it wasn't, but I think it might be. But still, should you get fired under those circumstances when you're listening to your union and you put it in 20 days late, but still before all this happens? Well, I'm a little confused about what happened in this case. I thought, and some of you make it sound like the issue here is when she puts on additional evidence at the MSPB hearing that has not before been provided to the agency. I thought at some level at least that's what the issue was in this case, and that was what this case is about. Now you seem to be suggesting that everything that went to the – so I guess my question is, is that correct? No. Did you put on – did she put on evidence at the hearing that had not been provided to the agency before? No, but the ALJ found that based on the line of cases where you're allowed to put on new evidence at the hearing that she should not have been fired. The ALJ never got into the issue of did you give it in before or was it sufficient before, although as a fact she found that. Again, they never got into that issue, but they cited the line of cases where people clearly never submitted it to the agency. She was absent from November to January. Prior to this event, she'd had 12 instances, I believe, 13 instances of being AWOL or late or inexcused. There had been two 14-day suspensions for AWOL. She had served the second 14-day suspension but didn't return to work upon its completion. Your Honor? I mean, this is all part of the record. I agree, and I'm not claiming she's the best employee who ever lived, and I'm not claiming that she didn't have something of a record before. But in context, it just isn't a question of her being 20 days late with a note, is it? There seems to be a pretty lengthy pattern here of 6, 7, 8, 13 charges. There is no question that she did not have a wonderful career. And the question ultimately is whether a court of appeals intervenes when the agency seems to be within the terms of the statute and says, well, even so, this isn't fair. This is a deserving person. Well, I'm not saying that, Your Honor. I'm saying that based on the law, the court of appeals intervenes. The court of appeals intervenes based on the federal reg that I cited saying that you've got to give her some possibility or at least state why you chose one rather than the other. I think you're freely interpreting the reg. The reg says the agency may exercise the choice of one or two, and it exercised one. I know it did. My only thing is that it has to give a reason why it exercised one. And they didn't do that. The second issue here, Your Honor, is there is this case that had been the law for almost nine years, Elsoff, I cited in my brief, which was an FMLA case, which expressly said, and this is why they talk, Your Honor, about introducing evidence for the first time at the hearing, that if you introduced evidence for the first time at the hearing, then that would be okay if you qualified at the time. Now, in their opinion, the Merit System Protection Board doesn't cite Elsoff. It never mentions it. It suddenly doesn't exist anymore. Okay, but let's assume that we reject that. Let's assume that we conclude based on our reading of the statute that you have to provide the documentation beforehand, that it's not sufficient to provide it from the first time at the hearing. I'm not saying that you can't reject it, Your Honor. I'm just saying that you've got to give somebody maybe a little notice when you do that, that you have to say, okay, in the future, I'm rejecting it, but for this case, which I'm using to reject it, it would be unfair to hold you to that standard. Prospectively, from now on, everybody knows that's the way the game is played. So let's assume we reject that, and you apply it loosely. Do I lose on that? So then the only question is, am I right on the reg? Am I right on the reg that they were required to state a reason why and that is a reason to send it back to them, or on the reg that they were required to hold a hearing? Mr. Quintstein, I think we understand your position. You want to save the rest of your time for public? Yes, I do. Thank you, Your Honor. Stand up, please. May it please the Court? This case presents the situation of an employee of the Veterans Administration who failed to provide medical documentation to support her request for a family medical leave act. And the trouble I'm having here, and maybe you can help me on this, is it seems like she did provide some documentation before she got to the board. Am I correct on that? I don't think the record supports that conclusion. The only reference the petitioner herself can make is to the administrative judge's initial decision, where the judge says that it appears that she attempted to provide it. But the documentation itself isn't there, and there's no other corroboration in the record. But I think that that's not the point in any of that. What the regulation says, and 630.1207 of Title V of the CFR has also subparagraph A in addition to subparagraph H. Subparagraph A says the agency may request and may require that an employee provide medical documentation to support a request for a family leave. It doesn't have to. It has the discretion not to require that, but it may require it. And here it's pretty obvious why the VA would want to have it required from this particular employee, who had, as has been discussed earlier, a lengthy history of abuse. Yeah, I don't think anybody's – at least I'm not disputing that the agency had the discretion or the authority to ask for medical documentation. Right. Except that. Yes. Okay. And if she provides some, which the AJ found that she had, my question goes to whether or not the agency is then under an obligation to tell her, no, we need more, here's what we need, and so forth. No, what the agency has the authority to do with subparagraph H specifically provides is that if the agency decides to request documentation, then the employee must provide it within 15 days. Or if for some reason it's not possible to provide it in 15 days, then she gets 30 days. Right. So the regulation is written that once the agency has made the determination to require documentation, the employee must provide it. And the agency acted completely reasonably under the regulation in rejecting her request for FMLA-League without that documentation. And then if she doesn't provide it, I provides that if the employee fails to provide it, the agency may charge the employee with AWOL or allow the employee to request provisional leave without pay. And Mr. Goodstein says they owe the employee a reason why they're employing one, AWOL, rather than the other. What's your comment on the need for a reason? I think that if that were a requirement, it would be spelled out in the regulation. I think that there's no regulatory or statutory requirement that it be provided. And in this case, well, in all cases, it would fall to the discretion of the agency. And here, I mean, the agency has exercised that discretion under subparagraph A to require the information in the first place. And given there's certainly no requirement, no logic or common sense required that the agency look just to this one incident. This is an employee who had been with the agency at least since 1997 and had, as we've established, a lengthy history of attendance-related disciplinary troubles. But let me ask you about that. Under the Family and Medical Leave Act, are you allowed to consider – I mean, doesn't the Family and Medical Leave Act exist in its own little box in terms of whether or not the agency is obligated to give you time or not give you time, with the only requirement being the agency clearly has discretion. I agree with you to ask for medical documentation. But, I mean, they're two employees, and I've had the worst attendance record in the universe, and Judge Rader has had the best. And we both ask for medical leave, family medical leave, and our requests are essentially the same. Are you allowed to say no to one and yes to the other based on the prior record? Yes, I think you are, Your Honor. I think there's nothing in the statute that precludes that. And I think you'd be asking the agency to act contrary to the best interest of the agency, which is ultimately the test of judging an agency's decision, to ignore that. You'd be asking the agency to make a decision that's not required by any statute or by any regulation and to act contrary to what it determines to be the best interest of the agency. If there's an employee who, for the first time, requests leave under this act and has had no former attendance troubles and otherwise a good employment history, why shouldn't that come? Why shouldn't the agency be able to take that into account, absent some statutory or regulatory prohibition against considering that, versus when it looks at someone who's... But doesn't the Family Medical Leave Act require that leave be provided unless it gives the agency discretion to deny it on very explicit terms, correct? Correct. And is that one of the terms? The employee's past record in terms of attendance? No, but what all of the FMLA regulations speak to is if the agency decides that it wants to require documentation from an employee, then the employee is obligated to provide it within the 15-day period, or if for some reason that 15 days isn't long enough, then 30 days. And there's no question that she didn't do that. And beyond that, the agency doesn't owe... There's no other obligation that it owes. It then has the choice. There's an employee that's failed to comply with her obligations under the act. And so the agency has... There's no guidance. I mean, you have to rely on the good discretion of the agency to say this is not an employee who we think is deserving of leave without pay in this situation. She's deserving of being terminated. I mean, this is... Or she's deserving of being held as being on leave without pay. I mean, of being able. In other words, there may be a subtext here in the agency's choice of one or two which we need to deal with. Correct. I think that's correct, Your Honor. And just finally, Petitioner's Counsel cited the Ellshock case, which we also dealt with in our brief. And I think that whether in that case the board accepted medical evidence that had not been provided previously, that's because the medical condition of that employee was specifically at issue before the board because it was part of a charge. In that case, her employer had charged her with being physically incapable of performing her job duties. And so that issue was specifically before the board. But here it's not. The only thing before the board here is did the VA make a reasonable decision based on the information it had at the time? And the information it had at the time was not because Ms. Diaz had failed to provide it to her. And so it was a completely reasonable decision on the part of the Veterans Administration to hold her as being AWOL in the face of her refusal to provide medical documentation, which she's obligated under the applicable regulations to have provided. Thank you, Your Honor. Thank you, Ms. Tentford. Goodstein has just under four minutes. Thank you, Your Honor. Your Honor, categorically, the Family and Medical Leave Act does not allow the agency the discretion to choose who to give it to and who not to give it to based on their past employment record. Categorically, it requires that if you meet the qualifications for leave, that you be given the leave if you're the best employee you ever worked with. But not if you don't give the documentation. Not if you don't. And the agency has the discretion to say, I want documentation from employee A because they've had an event record. I agree. But part of the issue is, Your Honor, that a court can't review that discretion for being arbitrary and capricious unless they give a reason as to why they chose one rather than the other. Chose one of what? The two choices between A, putting them under AWOL, or B, treating it like leave without pay. They could have said, okay, we realize you didn't give us the form, but we're going to treat it as leave without pay. You're taking off your other balances if you have any. That's clearly in the regs. Or we could treat it as AWOL. It's our discretion. But if they don't cite a reason, the court and the Merit System Protection Board can't review which choice they made and why, whether it was arbitrary and capricious or whether it was based on perfectly logical and good reasons. Both choices are permitted. Why do they have to give a lengthy explanation of which one they chose? I don't think it has to be lengthy, but I think they have to. Why do they have to give any? They have either one they can do, fully permitted. If you don't, the court can't review it. Why does the court need to review it? It's fully within the agency's discretion. They can do what they want. Fine, but there are certain things they can't do anymore. She was a union activist, so we really want to get her for that. That's a different cause of action, right? That's why, as a basis, when they make the choice so you know what you're dealing with, they have to tell you in writing why. They can't just do it. They have the discretion. I'm agreeing totally they have the discretion. What I'm saying is there is a requirement that they must tell you why they exercised the discretion they did. So in terms of normal administrative law, a reviewing body can say they did it correctly or it was arbitrary and capricious. That's all I'm saying. I don't think it's a revolutionary concept. Where is this requirement for a written explanation? It isn't. It's only in the fact that if it's not written, you can't review it. And neither can the Merit System Protection Board. Well, we would have a record, wouldn't we? And the record would show they made a choice based on certain circumstances, and they can review the record for an abuse of discretion. But we don't know what circumstances they did. We have a lot of circumstances in this case, don't we? We could or we could not. I mean, you and I, if they had said based on her past history of this and this and this, this is what we're choosing, I would say that you may be right. But they didn't say it was based on that. There was also other things, that she went to the union, that there was a fight between the union and management going on at this place at the time. All of those facts are in the record, and they can all be part of the review process. When you get lots of facts in the record, you're an appellate court. You understand some of the facts are more important than other of the facts. Mr. Quidstein, I think we understand your case. Thank you very much, Your Honor. Case will be taken under advisement. Thank you, Your Honor.